**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES MICHAEL COYNE, | Civ. Case No. 10-4852 (NLH) |
| Plaintiff, | |
| v. | **O P I N I O N** |
| DONNA ZICKEFOOSE, et al., | |
| Defendants. | |

**APPEARANCES:**

James Michael Coyne, Pro Se
02954-049
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN, District Judge**

Plaintiff, James Michael Coyne, currently confined at the Federal Correctional Institution, Fort Dix, New Jersey, has submitted this civil complaint which allege violations of his constitutional rights, and seeks damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).  Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis.  Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint will be dismissed, with prejudice.

## BACKGROUND

Plaintiff states that while confined at the FCI, Fort Dix, he was employed at UNICOR Federal Prison Industries From July 2004 until May 2009. He was terminated on May 4, 2009 by the plant manger, defendant Nelson Elias. Upon termination, Plaintiff requested the "Form 96," stating the reason for termination, which he has not received.

Attached to his complaint, Plaintiff submits his BP-8 form, which reveals that Plaintiff believed he was terminated for "security needs." His request for the form was denied. He then filed a Freedom of Information Act Request. The reply to his Freedom of Information Act Request informs him that he can "seek a local review of [his] central file by contacting institution staff to make arrangements for review." The appeal of that decision is also attached, advising Plaintiff that "if BOP locates responsive records, it will send any and all releasable

records to you directly, subject to any fees." Plaintiff has not received a response from the BOP.

Plaintiff argues that his rights have been violated and that he has suffered monetary damages as a result of his job termination. He names as defendants Donna Zickefoose, the warden of the FCI; Glen Lawhorn, the Associate Warden; and Nelson Elias, the Plant Manager. He argues that he was unable to appeal his termination because he was never given the document to appeal the decision, which would presumably contain the reason for termination.

## DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2) (B) because plaintiff is proceeding as an indigent.

3

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

4

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.   *Bivens* Claims**

Although Plaintiff names 42 U.S.C. § 1983 as his basis for jurisdiction, the complaint is more properly brought as an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution.  In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42

5

U.S.C. § 1983.[1]  The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights.  See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right

---

[1] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

6

was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

### C. Plaintiff's Claims Must Be Dismissed.

The gist of Plaintiff's claim concerns the loss of his UNICOR employment, and his attempt to acquire a form with the reasons for his termination.  Although Plaintiff's application to compel (docket entry 7) states that he was "terminated from his position with UNICOR Federal Prison Industries without explanation," (Application, p. 1), Plaintiff's submissions attached to his complaint reveal that he was informed that he was terminated for "security needs." (Complt., BP-8 Form, wherein Plaintiff requests:  "Please inform me of the underlying 'security needs' the SOI used to justify terminating me from UNICOR.  Additionally, please provide me with a copy of the 96 Form.").

In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  However, since it is long established that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner,"

7

Sandin v. Conner, 515 U.S. 472, 478 (1995), Plaintiff's employment-related allegations do not state a claim: prisoners have no protected liberty or property interest in retaining any particular prison employment.[2]  See Bulger v. United States Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (federal inmate has no liberty or property interest in a Federal Prison Industries job assignment); James v. Quinlan, 866 F.2d 627 (3d Cir. 1989) (same); Garza v. Miller, 688 F.2d 480, 486 (7th Cir. 1982).

While Plaintiff's complaint and submissions clearly demonstrate Plaintiff's disappointment over loss of his job and seeks answers for that loss, Plaintiff provides the Court with no legal basis for remedy.  Plaintiff's requested relief for monetary damages for lost compensation and future pay are without merit, and Plaintiff's claims based on his loss of UNICOR employ will be dismissed for failure to state a claim; such dismissal will be with prejudice.

    /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

Dated: November 7, 2011

---

[2] Plaintiff's allegations do not suggest that any other constitutional clause of the Fourteenth Amendment could be implicated in this matter, e.g., Plaintiff does not assert that he was discriminated as a member of a protected class.

8